UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
　　　　　　　　　　　　　　　　　　　　　　　　　　:
TRUSTEES FOR THE MASON TENDERS　　　　　:
DISTRICT COUNCIL WELFARE FUND, et al.,　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　Plaintiffs,　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　v.　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
EARTH CONSTRUCTION CORP.,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　Defendant.　　　:
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: Dec 23, 2016

16 Civ. 6068 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

　　　　The Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund ("the Funds"), John J. Virga, in his fiduciary capacity as Director of the Funds and Robert Bonanza, the Business Manager of the Mason Tenders District Council of Greater New York and Long Island (collectively, the "Plaintiffs") petition to confirm and enforce a July 31, 2015, Opinion and Default Arbitration Award (the "Award") rendered in their favor.  Defendant Earth Construction Corp. ("Earth") does not oppose the petition.  For the reasons set forth below, Plaintiffs' petition to confirm and enforce the Award is granted.

**I.　　BACKGROUND**

　　　　The following facts are taken from the Award and the evidence submitted to the arbitrator.

　　　　Pursuant to a collective bargaining agreement and a project labor agreement, Earth agreed to make benefit funds contributions and other payments to the Funds.  Earth also agreed to pay for the cost of any audit of its records and pay interest on any delinquent benefits

contributions.  In the event of employer contribution delinquencies, the Funds may elect to pursue arbitration to collect any monies owed to them.

Earth failed to make its required benefit contributions and other payments to the Funds for the period between December 27, 2012, and May 28, 2014.  On or about June 23, 2015, the Funds notified Earth of their intent to pursue arbitration as a result of the delinquent contributions.  On July 28, 2015, the arbitration hearing was held.  No representative of Earth appeared or otherwise contacted the arbitrator.  Because Earth had notice of the hearing, the arbitrator conducted the arbitration as a default hearing.  The Funds entered several exhibits into the record, including a payroll audit for the period between December 27, 2012, and May 28, 2014, and a revised deficiency report indicating the amount that Earth owed Plaintiffs at the time of the arbitration.  On July 31, 2015, the arbitrator issued the Award in favor of Plaintiffs, finding that Earth owes the Funds $18,308.02.  The arbitrator based his decision on the payroll audit and revised deficiency report, among other exhibits.

On July 29, 2016, Plaintiffs commenced this case to confirm and enforce the Award pursuant to Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.  On August 15, 2016, Plaintiffs served Earth with a summons, the petition, and a Rule 7.1 Statement, along with the Court's Individual Rules and Electronic Case Filing Rules and Instructions.  Earth did not file a response to Plaintiffs' petition.

## II.  DISCUSSION

Confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court and the court must grant the award unless the award is vacated, modified, or corrected."  *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (citations and internal quotation marks omitted).  "[G]enerally a

district court should treat an unanswered . . . petition to confirm . . . as an unopposed motion for summary judgment." *Id.*

Though a summary judgment standard is applied to confirmation proceedings, arbitration awards are entitled to extreme deference. "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Bhd. Carpenters & Joiners of Am. v. Tappan Zee Constructors, LLC*, 804 F.3d 270, 275 (2d Cir. 2015). The Award should be confirmed "if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair*, 462 F.3d at 110 (citation and internal quotation marks omitted). A "barely colorable" justification for the arbitrator's decision is sufficient to meet that standard. *Id.*

No material issues of genuine fact exist in this case. Plaintiffs' petition is uncontested, and the exhibits that the arbitrator relied upon credibly demonstrate that Earth is delinquent in payments that it owes to Plaintiffs. The arbitrator's decision can clearly "be inferred from the facts of the case." *D.H. Blair*, 462 F.3d at 110; *see also N.Y.C. Dist. Council of Carpenters v. Gotham Installations, Inc.*, 2013 WL 5943986 (S.D.N.Y. Oct. 25, 2013) (confirming an unopposed arbitration award brought under LMRA § 301 where record supported award and there was no evidence of misconduct by arbitrator). Consequently, Plaintiffs are entitled to summary confirmation of the July 31, 2015, Award.

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion for confirmation and enforcement of the Award is GRANTED.

The Clerk of Court is respectfully directed to close this case.

Dated:  December 23, 2016
         New York, New York

3

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**